IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 60,621-01






EX PARTE DAVID WAYNE WELLS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM HARDIN COUNTY



 

 Per Curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of sexual assault, and punishment was assessed at eighteen years' confinement. 
No direct appeal was taken.

 Applicant contends, inter alia, that his plea was rendered involuntary due to the
ineffective assistance of counsel. Specifically, Applicant contends that counsel told him that: 
the State would recommend Applicant be able to discharge his probation after two years;
Applicant would not be required to register as a sex offender; Applicant would not be
required to move out of his home and would still be able to have contact with his children;
there would be no reportable conviction on Applicant's record; Applicant could withdraw
his plea and proceed with a jury trial at any time; Applicant would not receive a fair trial in
Hardin County; deferred adjudication would be easy; and the complainant's family would
speak on Applicant's behalf. Applicant further alleges that trial counsel threatened Applicant
that if he were found guilty, he would be dead within two days. Finally, Applicant alleges
trial counsel failed to properly investigate the offense, and contends that had counsel properly
investigated, he would have learned that the complainant had contradicted the statements he
had given police and would have discovered other evidence establishing Applicant's
innocence.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order an affidavit,
depositions, or interrogatories from trial counsel, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant's plea was rendered involuntary due to the ineffective assistance of
counsel. The trial court should also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 8th DAY OF MARCH, 2006.




EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.